**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2013

No. 12-11017

Lyle W. Cayce
Clerk

GLF CONSTRUCTION CORPORATION,

Plaintiff-Appellant

v.

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2197-P

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

GLF Construction appeals the district court's grant of summary judgment denying its breach of contract claims against Dallas Area Rapid Transit for prejudgment interest, additional compensation for traffic barriers, and profit for additional work performed. We AFFIRM.

This appeal involves a dispute arising out of a contract between Dallas Area Rapid Transit ("DART") and GLF Construction for the construction of a light rail line. When GLF failed to complete the project on time, DART's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11017

Contracting Officer assessed liquidated damages in the amount of $3,598,400. GLF appealed the Contracting Officer's decision to DART's Board pursuant to the disputes clause of the contract. The case was submitted to an administrative judge who reduced liquidated damages and awarded $488,352 to GLF based on lost productivity attributed to inefficiencies caused by DART. The Board denied GLF's claims for additional compensation for movement of portable concrete traffic barriers; its claims for overhead and profit on additional work performed and prejudgment interest were also denied.

After exhausting its administrative remedies, GLF filed suit in the United States District Court for the Northern District of Texas alleging breach of contract and invoking the court's diversity jurisdiction. GLF argued the Board erred in (1) denying prejudgment interest on the liquidated damages reversed by the Board, (2) refusing to award additional compensation relating to the portable concrete traffic barriers, and (3) denying overhead[1] and profit on the amount of lost productivity. The district court granted summary judgment for DART on each issue.

DISCUSSION

We review a district court's grant of summary judgment *de novo. Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*I. Prejudgment interest*

Texas law provides for recovery of prejudgment interest by statute or under general principles of equity. *Johnson & Higgins of Tex., Inc. v. Kenneco*

---

[1] Before the district court, GLF argued it was entitled to overhead and profit. On appeal, GLF has abandoned its argument that it is entitled to overhead.

2

No. 12-11017

*Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998).  At the same time, a strong public policy favoring freedom of contract allows contracting parties to waive statutory, or even constitutional rights.  *Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 797 (Tex. App. – Dallas, 2012).  Recognizing these principles and applying the plain language of the contract, the district court concluded GLF had contractually waived any right to collect prejudgment interest.

The court cited both Section 51(i) and Specification 18 from the contract for the waiver of prejudgment interest.  Section 51(i) is determinative; it provides that DART "shall not be liable for interest on any late or delayed payment, . . . any claim or dispute, any discrepancy in quantities . . . or due to any payment the authority had the right to withhold under the contract."

GLF asks us to parse the language of Section 51(i) and focus on the end of the provision prohibiting interest on "any payment the authority *had the right to withhold* under the contract." (emphasis added).  GLF reasons that DART in fact was in error when it withheld the disputed liquidated damages, that it therefore had no right to do so, and that Section 51(i) does not apply.  We need not examine that interpretation because DART also has no liability for interest on "any claim or dispute."  GLF is seeking prejudgment interest on the disputed amount of liquidated damages.  The district court did not err in refusing to award prejudgment interest.

## II. Bid Item 15D: Portable Concrete Traffic Barriers

GLF claims that under the terms of the contract it is entitled to payment for the total linear feet of concrete traffic barriers taken and returned to the state Department of Transportation stockpile and additional payment by the linear foot for barriers moved to implement traffic control as progress on the project was made.  DART argues both parties understood that the contract was limited to payment for the total linear feet taken and returned to stockpile; it did

not include payment for interim movements. The district court concluded that all parties understood GLF would not be compensated for interim movements of the concrete barriers.

The terms of the contract provided for payment, at a unit price, "for removing the barrier from the existing [Department of Transportation] stockpile, resetting in the new location, connecting and disconnecting . . . and returning . . . to a stockpile. . . ," with payment to be made "by the linear foot complete-in-place." GLF submitted a bid schedule including Bid Item 15D, titled "portable concrete traffic barriers," estimating the use of 5,750 linear feet of traffic barriers, payment at $12 per linear foot. GLF submitted this bid after receiving an estimate from its subcontractor, MICA, that the total linear footage of concrete barriers necessary to complete the traffic control plan, including interim movements, would be 69,100 feet. The district court found it notable that GLF's bid used a figure 63,350 linear feet less than the estimate it received from MICA, but it failed to submit any increased figures on the bid schedule in Pay Item 1D for "maintenance and control of traffic" to account for the discrepancy.

We agree with the district court's conclusion that the terms of the contract along with the estimates in the bid schedule were sufficient to inform GLF it would not be compensated for interim movements of the concrete barriers. We also note the contract provided that if some discrepancy between an amount on the schedule and a bidder's estimate became obvious during bid preparation, the bidder was to notify DART of the discrepancy. Under this provision, GLF could have notified DART during the bidding process of the discrepancy between the linear footage estimate received from its subcontractor and the one reflected on the bid schedule. GLF did not notify DART of this question.

It was proper to grant summary judgment as to additional compensation for the concrete traffic barriers.

No. 12-11017

*III. Profit for additional work performed*

The final issue before the court is GLF's claim for profit on additional work performed. The Board concluded GLF was entitled to an equitable adjustment for loss of productivity in the amount of $488,352. Calculation of an equitable adjustment is governed by procurement regulation Section 8-305 in the contract, which provides "the measure of equitable adjustment for increased work is the difference between the reasonable cost of the work . . . *plus a reasonable amount of overhead and profit*." (emphasis added). The district court concluded that Section 8-305 defeats GLF's claim for profit because the equitable adjustment granted by the Board already included, by definition, profit.

GLF contends the calculation of the productivity factor by the Board did not comply with the formula set out in Section 8-305 and did not include profit. Nevertheless, when the language of a contract is plain, it must be enforced as written. *Addicks Servs., Inc. v. GGP-Bridgeland, L.P.*, 596 F.3d 286, 294 (5th Cir. 2010). We agree with the district court's conclusion that the plain language of Section 8-305 bars any additional recovery of profit.

AFFIRMED